995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
David ALLEN, a/k/a Peter Pan, Defendant-Appellant.
 No. 92-5582.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 20, 1993
Decided: June 7, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-91-182-N)
 William P. Robinson, Jr., Robinson, Madison, Fulton & Anderson, Norfolk, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Ronald Batliner, Jr., Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 REMANDED.
 Before HALL, MURNAGHAN, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 David Allen entered a guilty plea to conspiracy to distribute cocaine and to possess cocaine with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1992), and to interstate travel in aid of racketeering, 18 U.S.C.A. § 1952(a)(3) (West Supp. 1992). The judgment order was entered on June 4, 1992. On August 19, 1992, the district court received and lodged a notice of appeal from Allen which appeared to have been mailed from prison although Allen was represented by appointed counsel. The notice of appeal was dated July 1, 1992. Allen did not request an extension of time to file his notice of appeal, and did not explain why he did not attempt to file it until after the expiration of the ten-day appeal period, Fed. R. App. P. 4(b), or why it did not reach the district court until August 19, 1992.
 
 
 2
 In September 1992, Allen requested new counsel. He asserted that one of his grounds on appeal would be ineffective assistance, but did not describe in what way he believed his attorney had been ineffective. His new counsel filed an Anders* brief which stated in passing that Allen had filed a late notice of appeal through his first attorney.
 
 
 3
 It is not clear from the record on appeal whether we have jurisdiction over this appeal. In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect. Fed. R. App. P. 4(b). If the notice of appeal is filed beyond the ten-day period, but within the thirty-day extension period provided by Rule 4(b), the defendant should have the opportunity to show excusable neglect, and thus obtain an extension of time to file which would render his notice of appeal timely. United States v. Reyes, 759 F.2d 351 (4th Cir.), cert. denied, 474 U.S. 857 (1985).
 
 
 4
 A pro se prisoner's notice of appeal is filed at the moment of delivery to prison authorities for forwarding to the district court. Houston v. Lack, 487 U.S. 266 (1988). Here, the record on appeal does not disclose with certainty whether Allen filed his notice of appeal pro se by giving it to prison authorities or attempted to file it though his attorney, as his brief states. We therefore remand the case to the district court for a factual finding of whether Allen's notice of appeal was mailed by giving it to prison authorities within the excusable neglect period. If so, the district court should then determine whether there was excusable neglect which warrants an extension of the ten-day appeal period. Reyes, 759 F.2d at 353-54.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 REMANDED
 
 
 *
 Anders v. California, 386 U.S. 738 (1967)